IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2011

## CARLOS C. BEASLEY v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6486   Joseph H. Walker, III, Judge**

_____

**No. W2011-01615-CCA-R3-HC  - Filed September 27, 2012**
_____

The Petitioner, Carlos C. Beasley, pro se, appeals the Lauderdale County Circuit Court's denial of his petition for a writ of habeas corpus from his 1998 especially aggravated robbery conviction and resulting twenty-four-year sentence.  The Petitioner contends that the trial court erred by denying him habeas corpus relief.  He argues that his conviction and sentence are void because the indictment was defective.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Carlos C. Beasley, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted of especially aggravated robbery and voluntary manslaughter in 1998, and although he did not appeal the voluntary manslaughter conviction, this court affirmed the especially aggravated robbery conviction and twenty-five-year sentence.  See State v. Carlos C. Beasley, No. W1999-00426-CCA-R3-CD (Tenn. Crim. App. May 2, 2000), perm. app. denied (Tenn. Jan. 16, 2001).  The Petitioner sought post-conviction relief, which the trial court denied, and this court affirmed.  See Carlos C. Beasley v. State, No. W2004-00652-CCA-R3-PC (Tenn. Crim. App. Feb. 5, 2005).

In his petition for a writ of habeas corpus, the Petitioner contended that his convictions and sentences are void in that the trial court lacked jurisdiction because 1) the separate indictments failed to charge all the necessary elements of the charged offenses; 2) the indictments should not have been consolidated; and 3) his twenty-four-year sentence for the especially aggravated robbery conviction was excessive. The trial court denied relief on the basis that the Petitioner failed to state a cognizable claim for which habeas corpus relief could be granted. This appeal followed.

The Petitioner contends that the trial court erred by denying his petition for habeas corpus relief. He argues that with regard to the especially aggravated robbery conviction, the trial court lacked jurisdiction because the indictment was defective by citing Tennessee Code Annotated section 39-14-403, aggravated burglary, rather than section 39-13-403, especially aggravated robbery. The State contends that the Petitioner has failed to state a cognizable claim for relief. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. Archer, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see T.C.A. § 29-21-109 (2010).

The indictment charging the Petitioner with especially aggravated robbery stated,

> On December 4, 1997, in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, knowingly, and violently, by use of a deadly weapon, to-wit: a firearm, obtain from the person of Marius D. Harrell, a sum of money and a firearm, over the value of Five Hundred ($500) Dollars[,] proper goods and chattels of Marius D. Harrell, and cause serious bodily injury to the said Marius D. Harrell, in violation of Tennessee Code Annotated 39-14-403, against the peace and dignity of the State of Tennessee.

Tennessee Code Annotated requires that an indictment

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

T.C.A. § 40-13-202 (2006). Likewise, our federal and state constitutions require an indictment to inform a criminal defendant of "the nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. art. I, § 9. The statutory and constitutional requirements are satisfied when an indictment fulfills the "overriding purpose of notice to the accused." State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000). Notice is provided if the indictment "contains allegations that (1) enable the accused to know the accusation to which answer is required; (2) furnish the trial court an adequate basis for entry of a proper judgment; and (3) protect the accused from a subsequent prosecution for the same offense." Id. at 299 (citing State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997)). "A valid indictment is an 'essential jurisdictional element' to any prosecution," and "a defective indictment may deprive a court of jurisdiction." Hart v. State, 21 S.W.3d at 903 (quoting Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void." Hart, 21 S.W.3d at 903.

We conclude that the indictment satisfied the overriding purpose of providing notice to the Petitioner that he was charged with especially aggravated robbery. Although the indictment cites Code section 39-14-403, aggravated burglary, the text of the indictment provides the definition of especially aggravated robbery, 39-13-403, putting the Petitioner on notice of the charged offense. The error was clerical and does not render the judgment

void.  We also conclude that the judgment's incorrect reference to Code section 39-14-403 does not render it void.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____

JOSEPH M. TIPTON, PRESIDING JUDGE